```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION
```

TED GEDAGAUDAS, et al., etc.,  )
                               )
          Plaintiffs,          )
                               )
     v.                        )    No.  10 C 1611
                               )
FIRST CLASS VALET, INC., et al.,)
                               )
          Defendants.          )

<u>MEMORANDUM ORDER</u>

Defense counsel in this action, brought under the Fair Labor Standards Act and related federal and state legislation, have filed an Answer to the First Amended Complaint ("FAC"). Because of some problematic aspects of that responsive pleading, this memorandum order is issued sua sponte to send counsel back to the drawing board.

One pervasive--and wrong--practice employed by counsel is to assert in a number of places that some FAC allegations and some statutory provisions "speak for themselves" (see Answer ¶¶1, 5-7, 19, 21, 23 and 24). Even apart from this Court's views on that subject, as set out in App'x ¶3 in <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 279 (N.D. Ill. 2001), that locution flouts defendants' obligation to respond as prescribed by Fed. R. Civ. P. ("Rule") 8(b)(1)(B). All those paragraphs of the Answer are therefore stricken and must be redone.

In addition to that repeated usage, on the one occasion when defense counsel sought to take advantage of the disclaimer

opportunity provided by Rule 8(b)(5) (see Answer ¶4), they managed to depart in three separate ways from the clear roadmap marked out by that provision--see App'x ¶1 to State Farm. That paragraph of the Answer is also stricken, with leave to replead.

Finally, it is unclear whether any degree of selectivity has been at work in counsel's asserting the repetitive flat-out denials that form the bulk of the rest of the Answer--but that question remains for the future. In the meantime, everyone involved will be better served by defendants' filing of a proper self-contained Amended Answer, rather than a piecemeal amendment. Hence the entire Answer is stricken, with leave to replead on or before June 22, 2010.

No charge is to be made to defendants by their counsel for the added work and expense incurred in correcting counsel's errors. Defendants' counsel are ordered to apprise their clients to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

_____
Milton I. Shadur
Senior United States District Judge

Date: June 8, 2010